UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL ANTHONY AQUINO,<br><br>    Plaintiff,<br><br>v.<br><br>LESLIE SALVADOR,<br><br>    Defendant. | Case No. 24-cv-04470-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**<br><br>[Re: ECF 19] |

Plaintiff filed this *pro se* action in the United States District Court for the Central District of California, alleging violations of the Americans with Disabilities Act and an unlawful eviction from an apartment in Salinas, California. *See* Compl., ECF 1. The case was transferred to this district because the Salinas apartment and the property owner/landlord appear to be located within the Northern District of California. *See* Order Transferring Action, ECF 8.

Upon transfer, the case was assigned to Magistrate Judge Susan van Keulen, who denied Plaintiff's application to proceed in forma pauperis ("IFP") as incomplete and set a deadline for Plaintiff to renew the IFP application or pay the filing fee. *See* Order Denying Without Prejudice Applic. to Proceed IFP, ECF 17. Plaintiff failed to respond, and Judge van Keulen issued an Order to Show Cause why the action should not be dismissed. *See* Order to Show Cause, ECF 18. Plaintiff again failed to respond, and on December 12, 2024, Judge van Keulen issued an Order for Reassignment and Report and Recommendation of Dismissal ("R&R"), recommending that the action be dismissed for failure to prosecute. *See* R&R, ECF 19. The R&R advised that any party could file an objection within 14 days pursuant to Federal Rule of Civil Procedure 72(b). *See id.* The R&R was mailed to Plaintiff on December 13, 2024. *See* COS, ECF 19-1.

1  The action was reassigned to the undersigned judge.  *See* Order Reassigning Case, ECF 20.
2  Plaintiff did not file objections within the 14-day period provided by Rule 72(b), which has
3  expired.  On this record, the Court finds Judge van Keulen's recommendation to dismiss for
4  failure to prosecute to be correct and well-reasoned.  *See* Fed. R. Civ. P. 41(b) (authorizing
5  dismissal for failure to prosecute).

6  The R&R does not specify whether dismissal is recommended with prejudice or without
7  prejudice.  The Order to Show Cause issued by Judge van Keulen warned Plaintiff that failure to
8  respond could result in dismissal of the action with prejudice.  *See* Order to Show Cause.
9  However, this Court concludes that it is more appropriate to dismiss the action without prejudice
10 where the basis for dismissal is failure to submit a renewed IFP application or pay the filing fee.
11 This conclusion is consistent with decisions of numerous district courts in this circuit.  *See, e.g.,*
12 *Franklin v. Placer Cnty.*, No. 2:24-CV-2714-DC-JDP (PC), 2025 WL 90517, at *1 (E.D. Cal. Jan.
13 14, 2025) ("This action is dismissed, without prejudice, due to Plaintiff's failure to pay the
14 required filing fee and failure to comply with a court order[.]"); *Mederer v. Access Cap. Inv. Fund*
15 *Two, LP*, No. 21-CV-9699-YGR, 2022 WL 2289056, at *1 (N.D. Cal. Mar. 18, 2022) ("[T]his
16 case is DISMISSED WITHOUT PREJUDICE for failure to file an amended application or pay the
17 $402 filing fee[.]").

18 Accordingly, the R&R is ADOPTED and the action is DISMISSED WITHOUT
19 PREJUDICE for failure to prosecute.  The Clerk shall close the file.
20 **IT IS SO ORDERED.**

22 Dated:  January 30, 2025

_____
BETH LABSON FREEMAN
United States District Judge